UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

MICHAEL PATRICK ARENS and DENA        Case No. DL 16-04708
MARIE ARENS,                          Chapter 13
                                      Hon. Scott W. Dales
                Debtors.

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

The Dietrich Law Firm (the "Firm") filed and served its First Application for Award of Attorney Fees (ECF No. 51, the "Fee Application") seeking $4.50 for legal services (beyond the $3,200.00 "no-look fee" approved at confirmation), and expenses in the amount of $120.84, for a total award of $125.34. Although no interested party filed an objection, an independent evaluation, coupled with a dollop of common sense, requires the court to deny the Fee Application. *In re Copeland*, 154 B.R. 693, 698 (Bankr. W.D. Mich. 1993) (explaining that because creditors have very little incentive to object to fee petitions the courts must be vigilant).

Filing a fee application that seeks an award of only $4.50 for services rendered (plus incidental expenses) strikes the court as premature and inefficient at best, and unprofessional at worst, given the transaction costs incurred by counsel, and imposed on the chapter 13 trustee and the court in reviewing any application. Here, the Fee Application includes $120.00 in paralegal and attorney time for preparing it, plus $23.22 for postage and copying associated with the filing.

Under the Code and local procedures, the court may award a reasonable fee for preparing the fee application,[1] but when the cost of filing the request exceeds the request itself by more than 25 times, the preparation time is obviously unreasonable and there is no possible "benefit and necessity to the debtor." 11 U.S.C. § 330(a)(4)(B) (statutory prerequisite to chapter 13 fee award) and (a)(6) (contemplating cost of preparing fee application). Under circumstances, the only beneficiary of the services (beyond the no-look fee) is the Firm itself.

_____

[1] *See* 11 U.S.C. § 330(a)(6); Memorandum Regarding Allowance of Compensation and Reimbursement of Expenses of Court Appointed Professionals (Oct. 1, 2013) at ¶ 11 (Exh. 5 to Local Bankruptcy Rules).

The rules, including Fed. R. Bankr. P. 2016 and LBR 2016-2(e), are to be construed and administered to secure the just, speedy *and inexpensive* resolution of all issues, *see* Fed. R. Bankr. P. 1001, and the same must be said for applicable statutes given the nature of bankruptcy proceedings.   Filing a fee application that seeks approval of $4.50 in fees and $120.84 in expenses—at a cost of $143.22—contravenes the statute and the spirt of the rules.  The fact that counsel filed the Fee Application under these circumstances is shocking; that no one objected, disappointing, but not surprising; and that the court will deny it, completely foreseeable.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Fee Application (ECF No. 51) is DENIED and the Firm shall not in the future seek to recover the fees and expenses incurred in preparing and filing it.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Michael Patrick Arens and Dena Marie Arens, Robert W. Dietrich, Esq., Barbara P. Foley, Esq., chapter 13 trustee, and the United States Trustee (by First Class U.S. Mail).

END OF ORDER

**IT IS SO ORDERED.**

**Dated August 20, 2018**



Scott W. Dales
United States Bankruptcy Judge